UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL GLOVER,<br>Plaintiff<br>vs.<br>THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and THE BIG EAST CONFERENCE<br>Defendants | : | CA 08 322T<br>C.A. No. |

**COMPLAINT**

1. Michael Glover ("Mr. Glover") is an individual domiciled at 1440 Bronx River Ave., Bronx, New York.

2. Upon information and belief, the National Collegiate Athletic Association ("NCAA") is an Indiana corporation whose principal place of business is Indianapolis, Indiana.

3. Upon information and belief, the Big East Conference ("Big East") is a Rhode Island corporation whose principal place of business is 222 Richmond St., Providence, Rhode Island 02903.

**JURISDICTION**

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that plaintiffs and defendants are citizens of different states and the amount in controversy is in excess of $75,000.00.

## VENUE

5. Venue is proper in this Court pursuant 28 U.S.C. § 1391 because at least one of the defendants resides in this judicial district.

## FACTUAL BACKGROUND

6. Mr. Glover attended three (3) high schools in his secondary school career.

7. From 2006-2007, Mr. Glover attended American Christian Academy located on 4150 Market Street, Aston, Pennsylvania ("AC Academy").

8. Mr. Glover graduated from high school at AC Academy in June 2007.

9. Mr. Glover was recruited by Seton Hall University, in East Orange, New Jersey, to play men's basketball.

10. Mr. Glover signed an official letter of intent announcing his intentions to enroll at Seton Hall in the fall of 2007 and in return was promised athletic-based financial aid by Seton Hall University.

11. Seton Hall University is a member of the NCAA and Big East.

12. The NCAA imposes initial academic eligibility requirements on its member institutions which require incoming students to achieve certain standardized test scores in conjunction with certain grade point averages ("GPA) in order to participate in NCAA-sanctioned athletic events and receive athletic-based financial aid from their institutions as freshman.

13. The Big East also imposes minimum academic requirements on his member institutions' student-athletes.

14. A finding that a student-athlete has not met NCAA or Big East minimum standards can result in forced revocation of his or her scholarship and ineligibility to participate in intercollegiate athletics.

15. At all times relevant to this litigation, AC Academy was considered a legitimate secondary school for purposes of calculating Mr. Glover's GPA for the NCAA's initial eligibility requirements.

16. At the time Mr. Glover enrolled at Seton Hall University, there was no indication that he was not a qualified incoming freshman pursuant to the NCAA's initial eligibility guidelines.

17. Mr. Glover's GPA in his first semester at Seton Hall also met applicable NCAA and Big East minimum eligibility requirements.

18. For reasons unknown to Plaintiff Glover, the NCAA opened an investigation focused on his transcript from AC Academy.

19. In the fall of 2007, after he had already enrolled at Seton Hall University, the NCAA invalidated Glover's entire senior year transcript from AC Academy.

20. The NCAA articulated no reasons for the decision to either investigate or ultimately invalidate the transcript in question.

21. The NCAA then declined an appeal to review its decision.

22. This decision made Glover a non-qualifier which made him ineligible to participate in intercollegiate sports sanctioned by the NCAA and receive athletic-based financial aid from Seton Hall University.

## COUNT I – DECLARATORY JUDGMENT (28 U.S.C. § 2201)

23. Plaintiff Glover reaffirms and realleges paragraphs 1 through 23 as if fully stated herein.

24. The NCAA arbitrarily chose to investigate Mr. Glover's transcript.

25. The NCAA arbitrarily invalidated Mr. Glover's transcripts.

26. The NCAA did not follow or adhere its own published guidelines in evaluating Mr. Glover.

27. Mr. Glover was never given a formal hearing prior to the NCAA making its ruling.

28. The NCAA did not articulate its reason(s) for invalidation of the transcript.

29. The NCAA did not notify Mr. Glover that his transcript was under review or that it would be invalidated until after his enrollment at Seton Hall University.

30. As a direct and proximate result of the NCAA actions, Mr. Glover has been seriously and irreparably harmed.

## COUNT II – PROMISSORY ESTOPPEL

31. Plaintiff Glover reaffirms and realleges paragraphs 1 through 31 as if fully stated herein.

32. Defendants made certain promises to Mr. Glover, including that Mr. Glover's high school grades, along with his ACT scores, satisfied the minimum requirements necessary to participate in Division I intercollegiate athletics as a freshman.

33. Defendants' misrepresentations were made for the purpose of inducing Mr. Glover to rely upon them.

34. Mr. Glover reasonably relied and acted upon these misrepresentations by enrolling at Seton Hall University.

35. As a direct and proximate result of Mr. Glover's reliance upon Defendants' misrepresentations, Mr. Glover has suffered damages in an amount to be proven at trial.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

36. Plaintiff Glover reaffirms and realleges paragraphs 1 through 35 as if fully stated herein.

37. Defendants knew of the Mr. Glover's contractual relationship with Seton Hall University.

38. Defendants maliciously and intentionally interfered with Mr. Glover's contractual relationships with Seton Hall University.

39. As a direct and proximate result of Defendants' actions, Mr. Glover has suffered damages in an amount to be proven at trial.

**Plaintiffs hereby demand a trial by jury on all issues triable by a jury.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael Glover requests that this Court:

a. Pursuant to 28 U.S.C. § 2201, declare Mr. Glover a retroactively "qualified" student-athlete as defined by applicable NCAA Bylaws;

b. permanently enjoin the NCAA and Big East Conference from interfering with or otherwise hindering Mr. Glover from receiving financial aid from the institution in which he is enrolled because of his high school transcripts and associated initial eligibility requirements;

c. permanently enjoin the NCAA and Big East Conference from interfering with or otherwise hindering Mr. Glover from participating in intercollegiate athletics for the institution in which he is enrolled because of his high school transcripts and associated initial eligibility requirements;

d. award Mr. Glover the equivalent of 4 years of tuition at Seton Hall University;

e. award Mr. Glover compensatory damages equivalent to his lost season of eligibility in the sport of basketball; and

f. grant such other and further relief as the Court shall deem appropriate.

Respectfully submitted,

MICHAEL GLOVER,
By his Attorneys,

Walter Stone (#1395)
Jeffrey Crudup (#1649)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th FL
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Email: wstone@apslaw.com
Email: jcrudup@apslaw.com