**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL GLOVER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-322-T** |
| | ) | |
| **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and THE BIG EAST CONFERENCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT NCAA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant, National Collegiate Athletic Association ("NCAA"), has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss plaintiff's Complaint for lack of subject matter jurisdiction.

In his Complaint, plaintiff alleges that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because plaintiff and defendants are citizens of different states. Complaint ¶ 4. In support of this allegation, plaintiff alleges that he is a citizen of New York, *id.* ¶ 1, and that the NCAA is a corporation whose principal place of business is Indiana, *id.* ¶ 2. Plaintiff alleges no other basis for this Court to exercise jurisdiction in this case. However, plaintiff's allegation regarding the NCAA's citizenship is simply and objectively incorrect.

Specifically, the NCAA is not a corporation based in Indiana. Rather, the NCAA is a voluntary unincorporated association of over 1,200 members, consisting of colleges and universities, conferences, associations and other educational institutions. Lennon Aff. ¶¶ 5-6; *see also NCAA v. Smith*, 525 U.S. 459, 462 (1999). Its active members are four-year colleges

and universities located throughout the United States. Lennon Aff. ¶ 6. There are active NCAA members in all fifty states, including at least ninety-nine NCAA members in New York. *Id.* As an unincorporated association, the NCAA is a citizen of every state where it has a member. *See, e.g., Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Because it has members in all fifty states, the NCAA is a citizen of all fifty states. As a result, plaintiff and NCAA are citizens of the same state (New York) and there can be no diversity between them.

Therefore, this Court lacks diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. In the absence of any federal question, plaintiff's Complaint is fatally flawed and must be dismissed. The NCAA respectfully moves the Court to enter an Order accordingly.

Respectfully submitted,

/s/ Steven M. Richard

Steven M. Richard (#4403)
Nixon Peabody LLP
1 Citizens Plaza, Ste 500
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
srichard@nixonpeabody.com

Linda J. Salfrank (Missouri Bar No. 38119)
Jonathan F. Duncan (Missouri Bar No. 43659)
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100
Telecopier: (816) 474-3216

**ATTORNEYS FOR DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on 8th day of September, 2008 a true and correct copy of the above and foregoing Memorandum in Support of its Motion to Dismiss was filed and served electronically through the Court's CM/ECF system. Also, a copy of the Motion was sent via facsimile to the counsel for Defendant The Big East Conference:

Bruce Gladstone, Esq.
Justin Shay, Esq.
Cameron & Mittleman
30 Exchange Terrace
Providence, RI 02903

/s/ Steven M. Richard

Attorney for Defendant, NCAA